UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   08 CR 549 |
| v. | ) | |
| | ) | |
| TONY CALLION, also known as "Tone," | ) | Chief Judge James F. Holderman |
| DANIEL GIBBS, ISRAEL COLLINS, | ) | |
| SHERMAN SWOPES, HAL DURHAM, and | ) | |
| NATALIE HOISINGTON | ) | |

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a 60-day extension of time, to and including October 9, 2008, in which to seek the return of an indictment or file an information against the defendants Tony CALLION, Daniel GIBBS, Israel COLLINS, Sherman SWOPES, Hal DURHAM, and Natalie HOISINGTON, for the following reasons:

1.    This bank extortion investigation was initiated on July 10, 2008. On July 11, 2008, the government charged all six defendants by way of a criminal complaint with attempting to obtain by extortion money, namely approximately $40,000 in United States Currency, belonging to, and in the care, custody, control, management, and possession, of the TCF Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a). An initial appearance was held before Magistrate Judge Jeffrey Cole on July 11, 2008. On July 15, 2008, Magistrate Judge Cole ordered defendants Tony CALLION, Daniel GIBBS, Israel COLLINS, Hal DURHAM, and Sherman SWOPES. On July 18, 2008, Magistrate

Judge Cole ordered that defendant Natalie HOISINGTON be placed on home incarceration with electronic monitoring and several other bond conditions.

2.　　The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of a defendant's arrest. 18 U.S.C. § 3161(b). Accordingly, the 30-day deadline is set to run on Sunday, August 10, 2008.

3.　　The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension. The factors leading to this request by the government are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

4.　　Given the reasons stated here and in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against the defendants based on their arrests will not be sufficient. The United States estimates that a 60-day extension from the current expiration date of August 10, 2008, to and including October 9, 2008, will be sufficient time within which to return an indictment or information in this matter.

5.　　The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

   a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

   b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161(h)(8)(B)(iii); and

   c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

6. The government respectfully submits that the 60-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited above and in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

7. All six defendants' attorneys have informed counsel for the government that they have no objection to the 60-day extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 60-day extension of time from August 10, 2008 to and including October 9, 2008 in which to seek an indictment or information in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:   /s Halley B. Guren
Halley B. Guren
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 866-4156

Dated: July 30, 2008

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION PURSUANT TO 18 U.S.C. § 3161(h)**

was served on July 29, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      /s/ Halley B. Guren
Halley B. Guren
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 886-4156